IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GAMEHANCEMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-355-GBW |
| | ) | |
| UNITY SOFTWARE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITY SOFTWARE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF GAMEHANCEMENT LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Unity Software Inc. ("Unity" or "Defendant") respectfully submits this Answer and Affirmative Defenses to Plaintiff Gamehancement LLC's ("Gamehancement" or "Plaintiff") Complaint filed on April 1, 2026 ("Complaint"). Except as otherwise admitted in this Answer, Defendant denies each and every allegation in the Complaint.

## ANSWER

1. To the extent Paragraph 1 calls for a legal conclusion, no response is required. Defendant admits that Plaintiff has submitted a complaint against Defendant through its attorneys, but denies that Defendant is responsible for any wrongdoings alleged. Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Defendant admits that Unity is a corporation organized and existing under the laws of Delaware and maintains a place of business at 116 New Montgomery St., Ste. 300, San

Francisco, CA 94105. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

**JURISDICTION**

4. To the extent Paragraph 4 calls for a legal conclusion, no response is required. Defendant admits that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United States Code, but denies any allegations of patent infringement.

5. To the extent Paragraph 5 calls for a legal conclusion, no response is required. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. To the extent Paragraph 6 calls for a legal conclusion, no response is required. For purposes of this action only, Defendant does not contest that the United States District Court for the District of Delaware has personal jurisdiction over Defendant. Defendant admits that Defendant is incorporated in the State of Delaware. Defendant denies any remaining allegations in Paragraph 6 of the Complaint.

**JURISDICTION**

7. To the extent Paragraph 7 calls for a legal conclusion, no response is required. For purposes of this action only, Defendant does not contest that venue is proper in this District, but Defendant denies that venue is convenient due to at least the location of the parties and relevant witnesses. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 8, and therefore denies those allegations.

## THE ’682 PATENT

9. Defendant admits that, based on the face of the patent, U.S. Patent No. 7,894,682 (“the ’682 Patent”) is entitled “Multi-point predictive foveation for bandwidth reduction of moving images” and was issued on February 22, 2011. Defendant also admits that the face of the ’682 Patent shows that the application for the ’682 Patent was filed on July 2, 2008. Defendant admits that a purported copy of the ’682 Patent is attached as Exhibit 1 to the Complaint. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

## COUNT I: INFRINGEMENT OF THE ’682 PATENT

10. Defendant incorporate by reference and restate each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

11. To the extent Paragraph 11 calls for a legal conclusion, no response is required. Defendant denies all allegations in Paragraph 11 of the Complaint.

12. To the extent Paragraph 12 calls for a legal conclusion, no response is required. Defendant denies all allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff has attached as Exhibit 2 a chart that purports to compare the Exemplary ’682 Patent Claims to the Exemplary Defendant Products, but denies that Exhibit 2 shows that elements of the Exemplary ’682 Patent Claims are met by Defendant’s products. Defendant denies all remaining allegations in Paragraph 13 of the Complaint.

14. To the extent Paragraph 14 calls for a legal conclusion, no response is required. Defendant denies all remaining allegations in Paragraph 14 of the Complaint.

15. To the extent Paragraph 15 calls for a legal conclusion, no response is required. Defendant denies all allegations in Paragraph 15 of the Complaint.

**JURY DEMAND**

16. To the extent Paragraph 16 calls for a legal conclusion, no response is required.

**[RESPONSE TO] PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief from Defendant, whether sought in the Prayer for Relief or otherwise. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, including its subsections A-E, and Plaintiff should take nothing from Defendant.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to Plaintiff's claims, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**FIRST DEFENSE**
**(Failure to State a Claim)**

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**
**(Invalidity)**

The claims of the '682 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including but not limited to §§ 101, 102, 103, and/or 112, and/or non-statutory obviousness type double patenting.

**THIRD DEFENSE**
**(Non-infringement)**

Defendant has not infringed and does not infringe any valid and enforceable claims of the '682 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

**FOURTH DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's claims are barred in whole or in part by prosecution history estoppel and disclaimer. Plaintiff is estopped, and has disclaimed claim scope, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the '682 Patent.

**FIFTH DEFENSE**
**(Equitable Defenses)**

Plaintiff's claims for relief are barred, in whole or in part, under the principles of equity, by the doctrines of unclean hands, waiver (express or implied), acquiescence, and/or estoppel.

**SIXTH DEFENSE**
**(Limitations on Damages and Costs)**

Plaintiff's recovery for alleged infringement of the '682 Patent, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 284, 285, 286, 287, and 288.

**SEVENTH DEFENSE**
**(No Equitable Relief)**

Plaintiff is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Defendant's actions.

**EIGHTH DEFENSE**
**(No Exceptional Case)**

Defendant has not engaged in any conduct that would make this an exceptional case that would entitle Plaintiff to an award of attorneys' fees.

**NINTH DEFENSE**
**(Lack of Standing)**

To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the ’682 Patents, Plaintiff’s claims are barred by a lack of standing.

**TENTH DEFENSE**
**(Inconvenient Forum)**

Plaintiff’s claims should have been brought in a different forum for the convenience of parties and witnesses and in the interest of justice.

Defendant reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## DEFENDANT’S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant-Counterclaim Plaintiff Unity Software Inc. (“Unity” or “Defendant-Counterclaim Plaintiff”) avers and asserts these counterclaims against Plaintiff-Counterclaim Defendant Gamehancement LLC (“Gamehancement” or “Plaintiff-Counterclaim Defendant”) as follows:

### Parties, Jurisdiction, Venue, and Standing

1. Defendant-Counterclaim Plaintiff is a Delaware corporation with a place of business in San Francisco, California.

2. On information and belief, Plaintiff-Counterclaim Defendant is a Delaware corporation with its principal place of business at 261 West 35th Street, Suite 1003 New York, New York 10001.

3. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Plaintiff-Counterclaim Defendant at least because Plaintiff-Counterclaim Defendant availed itself of the rights and privileges of this forum by bringing this civil action in this judicial district.

5. To the extent this Court finds venue to be proper in this judicial district for the resolution of Plaintiff's claims, venue would be proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) to resolve Defendant-Counterclaim Plaintiff's counterclaims.

6. By asserting its claims against Defendant-Counterclaim Plaintiff for infringement of the '682 Patent, Plaintiff-Counterclaim Defendant has created an actual, substantial, and continuing justiciable controversy regarding the validity, infringement, and enforceability of the claims of the '682 Patent.

**COUNTERCLAIM I**
**(Declaratory Judgment of Invalidity of the '682 Patent)**

7. Defendant-Counterclaim Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs of its Answer, Affirmative Defenses, and Counterclaims, as if entirely set forth herein.

8. By its Complaint, Plaintiff-Counterclaim Defendant asserts that the '682 Patent is valid. Defendant-Counterclaim Plaintiff has denied this allegation and raised affirmative defenses, incorporated herein by reference, that the '682 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

9. An actual and justiciable controversy has thus arisen between Plaintiff and Defendant concerning the validity of the '682 Patent.

10. Pursuant to Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201, *et seq.*, Defendant-Counterclaim Plaintiff requests a declaration by the Court that the claims of the '682 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including without limitations §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

**COUNTERCLAIM II**
**(Declaratory Judgment of Non-Infringement of the '682 Patent)**

11. Defendant-Counterclaim Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs of their Answer, Affirmative Defenses, and Counterclaims, as if entirely set forth herein.

12. By its Complaint, Plaintiff-Counterclaim Defendant asserts that Defendant-Counterclaim Plaintiff has infringed the '682 Patent. Defendant-Counterclaim Plaintiff has denied this allegation and raised affirmative defenses, incorporated herein by reference, that it does not infringe any asserted claim of the '682 Patent directly, indirectly, literally, or under the doctrine of equivalents.

13. An actual and justiciable controversy has thus arisen between Plaintiff and Defendant concerning the alleged infringement of the '682 Patent.

14. Pursuant to Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201, *et seq.*, Defendant-Counterclaim Plaintiff requests a declaration by the Court that Defendant-Counterclaim Plaintiff has not infringed and does not infringe any asserted claim of the '682 Patent.

**PRAYER**

WHEREFORE, Defendant-Counterclaim Plaintiff respectfully requests that the Court

grant the following relief and judgment:

A. That Plaintiff takes nothing by way of its Complaint and dismiss all claims asserted by Plaintiff with prejudice;

B. Declaring that the claims of the ’682 Patent are invalid;

C. Declaring that Defendant-Counterclaim Plaintiff does not infringe and has not infringed any claims of the ’682 Patent;

D. Denying all damages, costs, expenses, attorney’s fees, pre-judgment and/or post-judgment interest, and other relief sought by Plaintiff;

E. Declaring this case is exceptional pursuant to 35 U.S.C. § 285 and awarding attorneys’ fees and costs incurred in this action to Defendant-Counterclaim Plaintiff; and

F. Awarding to Defendant-Counterclaim Plaintiff such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant-Counterclaim Plaintiff requests a trial by jury of any issues so triable by right.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_______________________________

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Jason Lao
HAYNES AND BOONE, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
(949) 202-3000
jason.lao@haynesboone.com

Dated: July 1, 2026